**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

LOY HOLDER,                                                                                                    PLAINTIFF
ADC #114988

v.                                       5:13CV00229-BSM-JTK

MARK CASHION, et al.                                                                                   DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**DISPOSITION**

## I. Introduction

Plaintiff Loy Holder is a state inmate confined at the Randall Williams Correctional Facility of the Arkansas Department of Correction (ADC). He filed this pro se 42 U.S.C. § 1983 action, alleging Defendants discriminated against him when they denied his placement in an Act 309 work program (Doc. No. 2, p. 4.) By Order dated August 13, 2013 (Doc. No. 3), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit. However, finding Plaintiff's complaint too vague and conclusory to enable the Court to determine whether it was frivolous, malicious, or failed to state a claim, the Court provided Plaintiff with the opportunity to file an Amended Complaint to clarify his allegation of discrimination. (Id.) Plaintiff has now filed an Amended Complaint (Doc. No. 4).

**II.     Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

### III. Facts and Analysis

Plaintiff alleges in his Amended Complaint that Defendants improperly denied his numerous requests to participate in an Act 309 work program, based on a sex charge filed against him. (Doc. No. 4, p. 4.) Plaintiff asserts that he previously participated in an Act 309 program and his record shows that he is a good candidate for that program. (Id.) Although he pled guilty to the sex charge referred to above, he denies committing that crime and asserts that his past record supports his application for the work program. (Id.) Plaintiff asks for monetary and injunctive relief. (Id., pp. 4-5.)

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Under Sandin v. Conner, a Fourteenth Amendment liberty interest is implicated and triggers due process protections when an inmate is restrained in a way that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. 472, 484-5 (1995). However, as this Court noted in the August 13,

2013 Order, Arkansas statutes do not create a protected liberty interest in participation in a work/study release program. Mahfouz v. Lockhart, 926 F.2d 791, 793 (8th Cir. 1987). In Mahfouz, the court held that the statutory language authorizing such programs is permissive and non-mandatory, and that prison authorities retain broad discretion in selecting eligible inmates to participate in the program. Id. See also Love v. Norris, No. 5:05CV00325-JLH-JWC, 2006 WL 2583666 (E.D.Ark. 2006). Therefore, Plaintiff does not have a protected liberty interest in participation in the Act 309 program, and cannot support a constitutional claim against Defendants for denying his application to that program.

Furthermore, although Plaintiff uses the term "discrimination" to describe Defendants' actions, his claim is not based on the type of discrimination typically protected by the Fourteenth Amendment Equal Protection Clause. Plaintiff does not allege facts to show he was treated different from others similarly-situated, or that he is a member of a protected class. See Klinger v. Department of Corrections, 31 F.3d 727, 731 (8th Cir. 1994). Instead, he claims Defendants discriminated against him (were biased), based on the sex charge filed against him. Again, this allegation does not support a constitutional claim against Defendants.

**IV.  Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison

Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.      The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 12th day of September, 2013.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.